[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee Greg Curson brought a lawsuit against his landlord, Charles Huber and Huber Investment Corp. (hereinafter "Huber"), for failure to repair his apartment after fire damage, failure to refund Curson's security deposit, and retaliatory eviction. In response, Huber filed a third-party complaint against Susan Carpenter, Curson's girlfriend, and a counterclaim against Curson, both seeking damages arising from the apartment fire. Following a hearing, a magistrate granted judgment in favor of Curson for damages, dismissed the counterclaim against Curson, granted judgment in favor of Huber for damages against Carpenter, and set a hearing for attorney fees. No objections were filed, and the trial court adopted the decision of the magistrate on September 29, 1999. Huber filed an appeal on October 19, 1999.
A hearing on attorney fees was conducted in front of the magistrate on January 4, 2000, and attorney fees were later granted to Curson. On January 14, 2000, Huber filed objections to the magistrate's award of attorney fees. On February 28, 2000, the trial court overruled the objections and adopted the magistrate's decision awarding fees to Curson. Huber timely filed a separate appeal from the fee award. This court has consolidated the two appeals.
Huber asserts three assignments of error. In the first and second assignments of error, Huber maintains that the trial court erred in rendering judgment in favor of Curson on the complaint and the counterclaim. In the third assignment of error, Huber alleges that the trial court erred in awarding double damages and attorney fees.
Civ.R. 53 requires an objecting party to file specific objections, stating with particularity the grounds for the objections, within fourteen days after the magistrate has issued a decision. Civ.R. 53(E)(3)(b) prohibits a party from assigning as error on appeal "the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The Ohio Supreme Court has recently held that a party is prohibited from objecting to a magistrate's decision on appeal where timely objections had not been filed with the lower court pursuant to Civ.R. 53(E)(3)(b).[2]
Before we address the merits of this appeal, we note that Huber did not file any objections to the magistrate's first decision on the complaint and the counterclaim. Rather, Huber only filed objections to the magistrate's second decision relating to attorney fees. Huber, therefore, is assigning errors on appeal relating to issues that were never properly raised before the trial court. Accordingly, we are prohibited from addressing them,[3] and we thus affirm the judgment of the trial court as it relates to the award of damages to Curson and the dismissal of the counterclaim against Curson.
Since the issue of attorney fees was raised with particularity as an objection below and rejected by the trial court, we address the third assignment of error as it relates to the award of attorney fees. Huber predicates his argument that Curson was not entitled to attorney fees on the assertion that he did not provide notice of his new address as required under R.C. 5321.16(B). The record is unclear as to whether the damages awarded to Curson included the security deposit, but even if they did, we have already affirmed that part of the trial court's judgment awarding damages to Curson. Under these circumstances, we cannot say that the trial court erred in awarding attorney fees. Accordingly, we overrule the third assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[2] See State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000),88 Ohio St.3d 52, 53, 723 N.E.2d 571. But, see, Caskey v. LordstownDevelopment (July 14, 2000), Trumbull App. No. 99-T-0034, unreported (noting that an error of law should be reviewable even where no objections are filed under Civ.R. 53[E]).
[3] Some courts have applied a civil plain-error standard even where no objections are filed pursuant to Civ.R. 53(E)(3)(b). We find no such error in this case. See Sowders v. Ohio Liquor Control Comm. (Aug. 4, 2000), Montgomery App. No. 18173, unreported; Hulcher v. Hulcher (May 5, 2000), Montgomery App. No. 17956, unreported.